UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN LEE RICHES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 07-169-P-H |
| DUNCAN FANFAN, et al., | ) ) ) |
|     Defendants. | ) |

**DECISION RECOMMENDING DISMISSAL OF COMPLAINT**

Jonathan Lee Riches filed a complaint pursuant to 42 U.S.C. § 1983. Riches neither paid the required filing fee of $350.00 nor filed an application to proceed in forma pauperis together with a ledger showing the activity in Riches's prisoner account with the place of his confinement for the last six months, and a certification signed by an authorized individual from the institution of incarceration as to the authenticity of the ledger. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which [he] is or was confined") (emphasis added).

On September 24, 2007, I entered an order that directed the clerk to forward an application to proceed in forma pauperis to Riches and ordered Riches to file this application or pay the filing fee by no later than October 15, 2007.[1] I warned that a

---

[1] The docket indicates that his order was sent to Riches on the date of its issuance.

failure to comply with that order would result in my recommendation that this action be dismissed for lack of prosecution.

Riches has not complied with my September 24, 2007, order and I recommend that the action be dismissed for lack of prosecution.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 29, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge